HENRY JOSEPH SHELONZEK, JR., and BARBARA JOLANTA SHELONZEK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shelonzek v. Commissioner
Docket Nos. 8139-86; 613-87.
United States Tax Court
T.C. Memo 1988-137; 1988 Tax Ct. Memo LEXIS 165; 55 T.C.M. (CCH) 515; T.C.M. (RIA) 88137; March 30, 1988. Henry Joseph Shelonzek, Jr., and Barbara Jolanta Shelonzek, pro se. Diane L. Berkowitz, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies in petitioners' Federal income tax for the 1982 and 1983 taxable years in the amounts of $ 728 and $ 823, respectively. [1] The issue is whether petitioners may exclude from gross income pursuant to section 911 certain wages of petitioner Henry Joseph Shelonzek, Jr., earned in the Federal Republic of Germany ("Federal *167 Republic") during the taxable years at issue. This case has been submitted fully stipulated. The stipulated facts are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by reference. At the time the petitions in this case were filed,, petitioners Henry Joseph Shelonzek, Jr. ("petitioner"), and Barbara Jolanta Shelonzek, husband and wife, resided in Illinois. They filed joint income tax returns for the 1982 and 1983 taxable years. Petitioner, a citizen of the United States, resided in Munich, Federal Republic, during *168 taxable years 1982 and 1983. From September 1982 at least through 1983, petitioner was employed as an offset press operator in Munich, Federal Republic, by the Army and Air Force Exchange Service ("AAFES"). During the taxable years at issue, petitioners did not pay United States income taxes on wages petitioner earned from his employment with AAFES (""AAFES wages"). Respondent issued notices of deficiencies for these years claiming that petitioners are taxable on petitioner's AAFES wages. Petitioners' sole contention is that petitioner's AAFES wages are excludable from gross income pursuant to section 911 by virtue of the North Atlantic Treaty, Status of Forces Agreement, Apr. 4, 1949, 63 Stat. (Part 2) 2241, 4 U.S.T. 1792, T.I.A.S. No. 2846. [2] Respondent argues that petitioner does no satisfy all of the requirements of section 911 and that the North Atlantic treaty has no effect on the issue presented. Generally, all income of an *169 individual who is a citizen of the United States is subject to United States income tax unless the Internal Revenue Code otherwise provides. See sec. 61, sec. 1.1-1(a), Income Tax Regs., and Simenon v. Commissioner,44 T.C. 820 (1965). Section 894 exempts from taxation any income to the extent required by any treaty obligation of the United States.[3]Section 911(a)(1) allows a "qualified individual" to exclude "foreign earned income" from gross income. We must determine whether petitioner's AAFES wage are excludable from gross income. Respondent concedes petitioner is a "qualified individual" as defined by section 911(d)(1) but contends, however, that petitioner's AAFES wages are not "foreign earned income" as defined by section 911(b). Respondent relies on section 911(b)(1)(B)(ii) *170 and section 1.911-3(c)(3), Income Tax Regs., which exclude from the definition of "foreign earned income" amounts paid by the United States or an agency or instrumentality thereof to an employee of such. Both parties have stipulated, and we find, that petitioner was paid by AAFES and that AAFES is an instrumentality of the United States government. We find that petitioner was an employee of an instrumentality of the United States. In absence of a treaty obligation of the United States requiring us to hold otherwise, petitioner's AAFES wages are not excludable foreign earned income. Sec. 911(b)(1)(B)(ii) and sec. 1.911-3(c)(3), Income Tax Regs.
Petitioners argue that the North Atlantic treaty, a treaty obligation of the United State, deems his AAFES wage as being paid from a source other than the United States or an agency or instrumentality thereof. Therefore, petitioner asserts that the section 911(b)(1)(B)(ii) exception to the foreign earned income definition does not apply. In support of this argument, petitioners rely on Article IX, section 4 of the North Atlantic treaty which states in relevant part that "civilian workers employed by a * * * civilian component shall not *171 be regarded for any purpose as being members of that force or civilian component." [4] 4 U.S.T. 1810. Even assuming, as urged by petitioners, that (1) petitioner is a "civilian worker" and (2) "for any purpose" includes for purposes of U.S. income taxation, petitioners' argument is unpersuasive. Even if petitioner is not considered for U.S. income tax purposes to be a member of the civilian component which employs him, his AAFES wage would nonetheless be "an amount * * * [p]aid to an employee by an employer which is [a] U.S. government * * * instrumentality." Sec. 1.911-3(c)(3), Income Tax Regs.
*172 We hold that the section 911(b)(1)(B)(ii) exception to the foreign earned income definition is unaffected by the North Atlantic treaty and, accordingly, petitioners are not entitled to exclude the AAFES wages from gross income. [5]
To reflect concessions and the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. Respondent concedes that, wit respect to taxable year 1982, the deficiency in tax should be reduced from $ 728 to $ 331 to take into account a foreign tax credit of $ 397 based on taxes paid on foreign wages earned by petitioner Barbara Jolanta Shelonzek. Respondent also concedes the addition to tax pursuant to section 6653(a)(1) and (a)(2) for taxable years 1983 and 1983. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. North Atlantic Treaty, Status of Forces Agreement, Apr. 4, 1949, 63 Stat. (Part 2) 2241, 4 U.S.T. 1792, T.I.A.S. No. 2846. The United States and the Federal Republic are parties to the North Atlantic treaty. ↩
3. See also section 7852(d) which states: "No provision of this title shall apply in any case where its application would be contrary to any treaty obligation of the United States in effect on the date of enactment of this title." The effective date of the North Atlantic treaty was August 23, 1953, prior to the August 15, 1954, enactment date of the Internal Revenue Code of 1954. ↩
4. Section 4 of Article IX of the North Atlantic treaty in its entirety is as follows: Local civilian labour requirements of a force or civilian component shall be satisfied in the same way as the comparable requirements of the receiving States and with the assistance of the authorities of the receiving State through the employment exchanges. The conditions of employment and work, in particular wages, supplementary payments and conditions for the protection of workers, shall be those laid down by the legislation of the receiving State. Such civilian workers employed by a force or civilian component shall not be regarded for any purpose as being members of that force or civilian component. 4 U.S.T. 1810. ↩
5. See also the Convention between the United State of America and the Federal Republic of Germany for the Avoidance of Double Taxation with Respect to Taxes on Income, July 22, 1954, 5 U.S.T. 2768, T.I.A.S. No. 3133, as modified by a Protocol signed September 17, 1965, 16 U.S.T. 1875, 1884, T.I.A.S. No. 5920, which became effective subsequent to the effective date of the North Atlantic treaty. Article X of this Convention provides generally that all items of income of citizens of the United State are taxable pursuant to the revenue laws of the United State as if the Convention had not come into effect. ↩